TURNER *v.* HOUPPERT WINE CO.

1. INTEREST—ADVANCES TO BANKRUPT ESTATE.
    Interest at a legal rate upon advances made to manager for business of corporation whose president had filed a petition in bankruptcy and whose reorganization was sought was a proper charge against the estate (Bankruptcy Act, § 77B).

2. CORPORATIONS—BANKRUPTCY—MANAGEMENT OF GOING CONCERN—
   ACCOUNTING.
   In chattel mortgagee's suit to have an account taken of the
   amount due on a note, secured by a chattel mortgage, and
   for foreclosure against estate of bankrupt corporation under-
   going reorganization, findings of circuit court that manager,
   who executed the note as business manager and who was one
   of the two partners suing as plaintiffs, was not chargeable
   with mismanagement or receiving excessive salary, with exces-
   sive charges for supplies or other claims in the nature of set-
   off or recoupment, and that manager had authority to execute
   the note and agree to pay interest thereon *held*, supported by
   record (Bankruptcy Act, § 77B).

3. APPEAL AND ERROR—SETTLEMENT—BURDEN OF PROOF—RECORD.
   In suit to have an account taken of amount due on a note,
   secured by a chattel mortgage, and foreclosure, record *held*,
   not to justify disturbance of trial court's finding that de-
   fendant had failed to sustain its burden of proof that a
   settlement had been effected as claimed.

Appeal from Van Buren; Warner (Glenn E.), J.
Submitted January 9, 1941. (Docket No. 44, Calen-
dar No. 41,349.) Decided April 8, 1941.

Bill by Homer Turner and John Turner against
Houppert Wine Company, a corporation, to have
an account taken of the amount due on a note and
for foreclosure of a chattel mortgage. Decree for
plaintiffs. Defendant appeals. Affirmed.

*Lewis R. Williams,* for plaintiffs.

*Earl L. Burhans* and *Ross H. Lamb,* for defend-
ant.

WIEST, J. This suit in equity, to have an account
taken of the amount due on a note, secured by
chattel mortgage, and foreclosure, was rendered
necessary by the dealings of the parties and the
claims set up by defendant.

The circuit judge found the amount due and decreed foreclosure.  Defendant reviews by appeal.

Defendant company, prior to 1937, was in financial difficulties.  Its president filed a petition in bankruptcy, and reorganization was sought under section 77B of the bankruptcy act.*

Under the reorganization plan, a creditors' committee was appointed to take charge of affairs and operations until creditors were paid in full.  Charles I. Stainton, Clair H. Scott, and John Turner were elected a creditors' committee, with power of custody and control of all assets of the company, power to borrow money in the name of the company, pledge its assets as security and appoint a general manager.  The creditors' committee elected John Turner general manager, with authority to carry on the business and to that end borrow money and give security.

John Turner took over such management in February, 1937, and so continued until July 31, 1939, when all creditors, except three, had been paid.  During John Turner's management money was needed, financial institutions were loath to extend credit, and funds were obtained from Homer Turner, brother and partner of John.  December 14, 1938, John Turner, as such manager of defendant company, executed a demand note for $58,513.84, payable to Homer Turner, bearing interest at six per cent. per annum payable semiannually, secured by chattel mortgage of even date and tenor covering the personal property of defendant company and here sought to be foreclosed.

In answer to the bill, and upon the issue of amount due, defendant averred payment, want of authority on the part of John Turner to execute the note and

---

* Now chapter 10 of the act, 52 Stat. at L. 840, 11 USCA, § 501 et seq.—Reporter.

mortgage, recoupment, set-off by reason of mismanagement, excess charges for supplies, negligent extension of credit, failure to make collections, improper charges for interest and expenses, excessive salary, and settlement of the obligation.

Proofs were taken in open court. The court found $15,579.26 due plaintiffs and granted foreclosure.

Under the evidence John Turner had authority to execute the note and chattel mortgage. Interest stipulated therein was legal and interest upon advances made in the course of transacting the business was proper.

The grape crop, one season, had been injured by early frost and John Turner made the best possible use of the grapes, just like other wine makers did, and is not chargeable with mismanagement. Excess charges for claimed supplies cannot be found. Other claims in the nature of set-off and recoupment have been examined and do not command extensive statement.

We agree with the findings made by the circuit judge relative thereto. The alleged settlement was a question of fact, with the burden of proof on defendant and, upon this issue, the trial judge had the advantage of seeing the witnesses and measuring the weight to be accorded their conflicting testimony, and found the claim not established. The record does not lead us to a different conclusion.

The salary of John Turner, as manager, was fixed by proper authority and cannot be held excessive.

We agree with the following holding of the circuit judge:

"The execution of the mortgage was authorized and the salary of the manager was fixed by the committee and later by the stockholders. Measured by responsibility and results obtained the salary was fair and reasonable. The corporation was insolvent.

It was in Federal Court for reorganization. The plaintiffs and the committee took over the management when the situation was desperate. They carried on, paid the debts, made improvements, increased the capacity of the plant, established credit, opened a market for the product, were diligent, faithful, and resourceful and placed the business on a sound financial footing and are entitled to the commendation of the creditors and the stockholders."

The decree in the circuit court is affirmed, with costs to plaintiffs.

SHARPE, C. J. and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ. concurred.